IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARCOS DAMIAN,                    §
TDCJ-CID NO. 1170642,             §
                                  §
            Petitioner,           §
                                  §
vs.                               §        CIVIL ACTION NO. H-06-1768
                                  §
DOUG DRETKE,                      §
                                  §
            Respondent.           §

## MEMORANDUM OPINION AND ORDER

Marcos Damian, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for a writ of habeas corpus challenging a state court conviction.  28 U.S.C. § 2254.  After notifying Damian that his petition appeared to be untimely and granting him an opportunity to respond pursuant to Day v. McDonough, 126 S.Ct. 1675, 1684 (2006), this court has concluded from the pleadings and available records that the petition should be dismissed under 28 U.S.C. § 2244(d).

### I.  Procedural History

According to available records and the petition (Docket Entry No. 1), Damian was found guilty of possession of cocaine, and he was sentenced to twenty years in the TDCJ-CID.  State v. Damian, No. 0930671 (174th Dist. Ct., Harris County, Tex., May 19, 2003). Damian filed a direct appeal.  He also filed a post-conviction state application for a writ of habeas corpus challenging the state

court judgment pursuant to Article 11.07 of the Texas Code of Criminal Procedure. The Texas Court of Criminal Appeals dismissed the application because the direct appeal was still pending. Ex parte Damian, No. 57,335-01 (Tex. Crim. App. Oct. 29, 2003). See Texas Judiciary Online Website, http://www.courts.state.tx.us/. Damian then filed a motion to withdraw his appeal. The Court of Appeals for the Eleventh District of Texas granted the motion and dismissed the appeal. Damian v. State, No. 11-03-00215-CR (Tex. App. -- Eastland Nov. 13, 2003). No petition for discretionary review (PDR) was filed.

Damian filed a second Article 11.07 application with the Harris County District Clerk's Office on December 4, 2004.[1] The 174th District Court of Harris County made its findings and forwarded the application to the Court of Criminal Appeals, which denied it without a written order based on the trial court's findings. Ex parte Damian, No. 57,335-02 (Tex. Crim. App. June 15, 2005).

The federal habeas petition pending in this action is deemed to be filed on May 11, 2006, the date it was executed. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149

---

[1] Damian states in his federal petition (Docket Entry No. 1-1, at 4) that the application was filed on March 7, 2005; however, that is the date that the application was forwarded from the 174th District Court of Harris County to the Court of Criminal Appeals. See http://www.courts.state.tx.us/. This court verified by telephone that the state application was actually filed with the state district court on December 4, 2004.

F.3d 374, 378 (5th Cir. 1998).  This court examined the petition and made a preliminary finding that it was untimely and ordered Damian to show cause why his claims should not be barred by the statute of limitations.  (Docket Entry No. 3)  Damian filed no pleading other than a Consent to Proceed Before a Magistrate Judge. (Docket Entry No. 4)

## II.  Claims

Damian presented the following challenges in his petition (Docket Entry No. 1, at 7):

1.   Damian was denied effective assistance of counsel;

2.   the trial court erred in not suppressing evidence that was obtained through an illegal search and seizure; and

3.   the state used perjured testimony to secure the indictment.

## III.  One-Year Statute of Limitations

Damian's federal habeas petition is subject to the AEDPA provisions that restrict the time in which a state conviction may be challenged.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998).  Under the AEDPA federal habeas petitions that challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A) the date on which the judgment became final by
the conclusion of direct review or the expiration
of the time for seeking such review;

(B) the date on which the impediment to filing an
application created by State action in violation of
the Constitution or laws of the United States is
removed, if the applicant was prevented from filing
by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the Supreme
Court, if the right has been newly recognized by
the Supreme Court and made retroactively applicable
to cases on collateral review; or

(D) the date on which the factual predicate of the
claim or claims presented could have been
discovered through the exercise of due diligence.

(2) The time during which a properly filed application
for State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending shall
not be counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d)(1)(2).

The court is authorized to make a determination regarding
timeliness of the petition before ordering the State to use its
limited resources to answer it.   See Kiser v. Johnson, 163 F.3d
326, 329 (5th Cir. 1999).

Damian challenges the validity of a state court judgment.
Therefore, his challenge is subject to the time limit set out under
§ 2244(d)(1)(A).   Damian did not file a PDR, and his conviction
became final on December 15, 2003, the last day that he could have
filed a PDR.[2]   Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir.

_____

[2]December 13, 2003, fell on a Saturday.

-4-

2003) (the limitations period commenced when the thirty-day period for filing a PDR in state court ended), <u>citing</u> Tᴇx. R. Aᴘᴘ. Pʀᴏᴄ. 68.2(a). Therefore, Damian needed to file either his federal habeas petition by December 15, 2004, or toll the running of the limitation period by filing a state application for a writ of habeas corpus before that date. 28 U.S.C. §§ 2254(d)(1)(A), 2254(d)(2).

Because Damian's first state habeas application was filed during the pendency of the direct appeal, it was not properly filed and did not toll the limitation period under § 2244(d)(2). <u>See Artuz v. Bennett</u>, 121 S.Ct. 361, 364 (2000) (application filed in court which lacks jurisdiction is not properly filed); <u>Larry v. Dretke</u>, 361 F.3d 890 (5th Cir. 2004); <u>Ex parte Johnson</u>, 12 S.W.3d 472 (Tex. Crim. App. 2000) (the Court of Criminal Appeals does not have jurisdiction to consider a state post-conviction habeas application until the conviction is final). Therefore, only the second state habeas application tolls the period.

When the second habeas application was filed on December 4, 2004, only eleven days remained in the one-year limitation period. The Court of Criminal Appeals denied the application on June 15, 2005; and the present federal habeas petition was not filed until May 11, 2006, nearly eleven months after the Court of Criminal Appeals entered its denial. Damian has not shown that he was subject to any state action that impeded him from timely filing his

petition.   28 U.S.C. § 2244(d)(1)(B).   There is no showing of a newly recognized constitutional right upon which Damian's petition is based.   28 U.S.C. § 2244(d)(1)(C).   Therefore, this habeas action is subject to dismissal because the petition was filed twenty-two months, or more than one year, after the state court felony conviction became final.   28 U.S.C. § 2244(d)(1)(A).

## IV.  Certificate of Appealability

A Certificate of Appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted).   Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001).   On the other hand, when denial of relief is based on procedural grounds the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."

-6-

Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a Certificate of Appealability, sua sponte, without requiring further briefing or argument.  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that Damian has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable.  Therefore, a Certificate of Appealability from this decision will not be issued.

## V.   Conclusion

Accordingly, the court **ORDERS** the following:

1.   The Petition for a Writ of Habeas Corpus is **DISMISSED with prejudice**.  28 U.S.C. § 2244(d).

2.   A Certificate of Appealability is **DENIED.**

3.   The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General for the State of Texas.

**SIGNED** at Houston, Texas, on this the 28th day of July, 2006.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE